■ JOEL DLUGASH et al., Appellants, v SOUTH NASSAU COMMUNITIES HOSPITAL et al., Respondents.—In an action, *inter alia,* to recover damages for an alleged conspiracy to destroy the plaintiffs' medical practice and block his reappointment at the defendant hospital, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Morrison, J.), dated April 20, 1987, which granted the defendants' motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs, Joel Dlugash and his professional corporation (hereinafter referred to jointly as Dlugash), are licensed to practice medicine in the State of New York and Joel Dlugash

is a staff member at the defendant South Nassau Communities Hospital. In accordance with standard hospital procedure and hospital bylaws, Dr. Dlugash submitted an application for reappointment for the staff years 1983-1984. The hospital Medical Board recommended that the staff status of Dr. Dlugash be altered from "active" staff to "provisional" and that he obtain a psychiatric evaluation to verify his mental health status for purposes of practicing medicine.

After proceedings brought pursuant to CPLR article 78 were dismissed as premature, a ruling from the Public Health Council held that the hospital's actions were proper and numerous applications for injunctions against the hospital were denied. Dr. Dlugash persisted in refusing to submit to the psychiatric examination and was finally notified that his hospital privileges were terminated until he consented to the examination. Dr. Dlugash then instituted his third proceeding pursuant to CPLR article 78 to review the hospital's determination and enjoin the hospital from terminating his privileges. By order and judgment of the Supreme Court, Nassau County (Morrison, J.), entered February 24, 1986, the defendants' cross motion to dismiss the proceeding was granted, based upon a determination that the hospital had acted in good faith and that the request by the hospital was not unreasonable.

Dr. Dlugash commenced the instant action in August 1986 alleging the defendants had, *inter alia,* conspired to destroy his medical practice and discredit his reputation, requested damages, an accounting of all fees made by the defendants due to actions complained of and an injunction restraining the hospital from interfering with his rights as a physician at the hospital. The defendants moved to dismiss the complaint on the theories of res judicata, collateral estoppel, the fact that an identical tort action commenced in 1983 was still pending and the failure to state a claim. In the order appealed from, Justice Morrison dismissed the complaint, holding the claims advanced in this action were "inextricably intertwined with those advanced in the plaintiff's prior application for judgment pursuant to CPLR Article 78".

While the trial court's order did not state specifically what provision of the CPLR was controlling in its decision, we assume by its language that the court relied upon doctrines of collateral estoppel and res judicata. We find these doctrines are applicable to the instant action.

We agree with the Supreme Court that the underlying issues in Dr. Dlugash's third proceeding pursuant to CPLR

article 78 and the instant action are "inextricably intertwined", i.e., both involved the essential question of the hospital's good faith and none of the acts alleged in Dr. Dlugash's tort action can stand without a finding of bad faith by hospital personnel. Hence, we find the issues in both matters identical for purposes of a res judicata and collateral estoppel analysis *(see, Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65). Those issues cannot be relitigated in the instant action. Kunzeman, J. P., Eiber, Harwood and Balletta, JJ., concur.