■ B.T. SKATING CORP. et al., Appellants, v COUNTY OF NASSAU et al., Respondents. [612 NYS2d 199] —In an action to recover damages arising from the cancellation of a public works license agreement, and for the negligent use of the "request for proposal" procedure in violation of General Municipal Law § 103, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Brucia, J.), dated June 24, 1992, which granted the defendants' motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The facts in this case are not in dispute. On or about June 18, 1990, the Nassau County Board of Supervisors adopted an ordinance authorizing the Nassau County Executive to execute a five-year licensing agreement with the plaintiff for the design, construction, and operation of a temporary ice skating rink in Nassau County-owned Mitchell Park. A group of taxpayers commenced a lawsuit in the Supreme Court, Nassau County, contending that the license agreement was void and unenforceable because the defendants failed to follow the competitive bidding procedures mandated under General Municipal Law § 103. The Supreme Court ruled in favor of the taxpayers who brought the action, and declared that the licensing agreement was void and unenforceable. The plaintiffs, which were parties to the action brought by the taxpayers, unsuccessfully moved for reargument. No appeal was ever taken from the court's original determination.

Thereafter, in or about October 1991, the plaintiffs commenced the instant action seeking damages for labor, services, and equipment allegedly purchased in the expectation that they would have to meet certain deadlines specified in the licensing agreement. The complaint also sought damages resulting from the defendants' alleged negligence in failing to comply with the competitive bidding statutes.

The defendants moved to dismiss the complaint, contending, *inter alia,* that the court's determination in the prior action brought by the taxpayers was dispositive of the issues presented in the action at bar. The Supreme Court granted the motion and dismissed the complaint. We now affirm.

A party dealing with a municipality is chargeable with knowledge of the statutes which regulate its powers and is

bound by them *(see, Parsa v State of New York,* 64 NY2d 143, 147). The court's determination in the prior action, finding the subject licensing agreement to be void and unenforceable because the defendants failed to follow the competitive bidding procedures mandated under General Municipal Law § 103, is binding on the plaintiffs in the case at bar, and precludes recovery under the theories advanced in the complaint *(see, Gerzof v Sweeney,* 22 NY2d 297; *see also, Fabrizio & Martin v Board of Educ.,* 290 F Supp 945). Accordingly, the Supreme Court properly granted the defendants' motion to dismiss the complaint. Ritter, J. P., Copertino, Santucci and Hart, JJ., concur.