■ BLANDFORD LAND CLEARING CORP., Appellant, v CITY OF NEW YORK et al., Respondents. [712 NYS2d 895] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Steinhardt, J.), dated December 9, 1998, which granted the motion of the defendant New York City Health and Hospitals Corporation for leave to amend its answer to assert the affirmative defenses of res judicata and collateral estoppel and for summary judgment dismissing the complaint insofar as asserted against it based on those defenses, and (2) an order of the same court, dated August 10, 1999, which granted that branch of the motion of the defendant City of New York which was to dismiss the complaint insofar as asserted against it as abandoned.

Ordered that the appeal from the order dated August 10, 1999, is dismissed as abandoned; and it is further,

Ordered that the order dated December 9, 1998, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The defendant New York City Health and Hospitals Corporation (hereinafter HHC) terminated its contract with the plaintiff Blandford Land Clearing Corp. (hereinafter Blandford) to perform construction at the Long Term Care Facility of the Kings County Hospital Center on the ground that Blandford had made material misrepresentations to obtain the contract. Blandford commenced a proceeding pursuant to CPLR article 78 to review HHC's determination, and the Supreme Court dismissed the proceeding. Blandford then commenced this action, *inter alia,* to recover damages for breach of contract.

Under the circumstances of this case, Blandford is barred by

the doctrine of res judicata from recovering damages for breach of contract (*see, Matter of Reilly v Reid,* 45 NY2d 24; *LaDuke v Lyons,* 250 AD2d 969). Moreover, Blandford is collaterally estopped from recovering its cost of performing work at the Long Term Care Facility site (*see, Honess 52 Corp. v Town of Fishkill,* 266 AD2d 510; *Dlugash v South Nassau Communities Hosp.,* 138 AD2d 343; *Jered Contr. Corp. v New York City Tr. Auth.,* 22 NY2d 187; *B.T. Skating Corp. v County of Nassau,* 204 AD2d 586).

Since the affirmative defenses of res judicata and collateral estoppel asserted by HHC have merit, and Blandford's assertion of prejudice is without merit, the Supreme Court properly granted the motion of HHC for leave to amend its answer to assert these defenses and for summary judgment dismissing the complaint insofar as asserted against it (*see, Scialdone v Shah,* 197 AD2d 567).

Blandford failed to raise any issue concerning the City of New York. Accordingly, the appeal as to the City is dismissed as abandoned. S. Miller, J. P., Altman, H. Miller and Schmidt, JJ., concur.