■ Louis Barbieri, Appellant, v Bridge Funding, Inc., et al., Respondents. [772 NYS2d 610]—

In an action, inter alia, to recover interest paid on an allegedly usurious loan pursuant to General Obligations Law article 5, the plaintiff appeals from an order of the Supreme Court, Queens County (LaTorella, J.), dated July 10, 2002, which granted that branch of the motion of the defendant Bridge Funding, Inc., which was to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211, granted those branches of the separate motion of the defendant Madison Home Equities, Inc., which were for leave to amend its answer and to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211, granted the separate cross motion of the defendant St. Nicholas Capital Funding for summary judgment dismissing the complaint insofar as asserted against it, and denied his cross motion for summary judgment.

Ordered that the order is affirmed, with one bill of costs.

Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties or those in privity with them of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior action (*see Ciancimino v Town of E. Hampton,* 266 AD2d 331, 332 [1999]; *McNeary v Senecal,* 197 AD2d 835, 836 [1993]). Here, the plaintiff was in privity with the parties in prior actions (*see Green v Santa Fe Indus.,* 70 NY2d 244, 254 [1987]; *Watts v Swiss Bank Corp.,* 27 NY2d 270, 277 [1970]; *Matter of Slocum v Joseph B.,* 183 AD2d 102, 104-105 [1992]), and the plaintiff's claims were raised or could have been raised in the prior actions which were disposed of on the merits.

In light of our determination, we do not reach the plaintiff's remaining contentions. Prudenti, P.J., Altman, Luciano and Adams, JJ., concur.