(January 29, 2008)

■ Tony Abraham, Appellant, v Hermitage Insurance Company et al., Defendants, and Eagle Insurance Company, Respondent. [851 NYS2d 608]—

In an action to enforce a judgment pursuant to Insurance Law § 3420, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Kelly, J.), entered April 6, 2006, as, upon an order of the same court entered January 23, 2006, granting that branch of the motion of the defendant Eagle Insurance Company which was for summary judgment dismissing the complaint insofar as asserted against it, and denying that branch of his motion which was for summary judgment on the complaint insofar as asserted against that defendant, is in favor of the defendant Eagle Insurance Company and against him dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding (*see Matter of Hunter,* 4 NY3d 260, 269 [2005]; *Barbieri v Bridge Funding,* 5 AD3d 414, 415 [2004]; *Winkler v Weiss,* 294 AD2d 428, 429 [2002]). The fact that causes of action may be stated separately or invoke different legal theories, will not permit relitigation of claims (*see Matter of Hodes v Axelrod,* 70 NY2d 364, 372 [1987]).

Here, the Supreme Court properly granted that branch of the motion of the defendant Eagle Insurance Company (hereinafter Eagle) which was for summary judgment dismissing the complaint insofar as asserted against it on the ground of res judicata, as the plaintiff's claims regarding whether there is coverage under the Eagle policy could have been raised in a prior action which was disposed of on the merits (*see Sabatino v Capco Trading, Inc.*, 27 AD3d 1019 [2006]; *Barbieri v Bridge Funding*, 5 AD3d at 415; *CRK Contr. of Suffolk v Brown & Assoc.*, 260 AD2d 530 [1999]).

In light of the foregoing determination, the plaintiff's remaining contentions have been rendered academic. Spolzino, J.P., Ritter, Miller and Dickerson, JJ., concur.