In the Matter of ADC CONTRACTING & CONSTRUCTION, INC., Respondent, v TOWN OF SOUTHAMPTON et al., Appellants, et al., Respondent. [855 NYS2d 679]—

In a proceeding, inter alia, pursuant to CPLR article 78 in the nature of mandamus to compel the Town of Southampton to release money it held in trust pursuant to Labor Law § 220-b, the Town of Southampton, Patrick Heaney, Nancy Graboski, Linda Kabot, Steven T. Kenny, Dennis A. Suskind, and Charlene G. Kagel appeal, as limited by their brief, from (1) so much of a judgment of the Supreme Court, Suffolk County (Emerson, J.), dated April 7, 2006, as granted the petition to the extent of directing the Town of Southampton to release to the petitioner the sum of $149,541.97 plus interest, and (2) so much of an order of the same court dated June 22, 2007, as denied that branch of their motion which was to vacate the judgment.

Ordered that the judgment is reversed insofar as appealed

from, on the law, the petition is denied in its entirety, and the proceeding is dismissed; and it is further,

Ordered that the appeal from the order dated June 22, 2007 is dismissed as academic in light of our determination on the appeal from the judgment; and it is further,

Ordered that one bill of costs is awarded to the appellants.

In January 2000 the petitioner was awarded a contract to construct an animal shelter in the Town of Southampton. During the course of the project, a wage dispute arose, as a consequence of which the New York State Department of Labor (hereinafter the Department of Labor) directed the Town to hold certain money in trust pursuant to Labor Law § 220-b for payment of employee wages. The wage dispute was thereafter resolved, and in April 2004 the Department of Labor authorized the Town to release the sum of $149,541.97 from the funds which had been withheld. However, the Town continued to withhold this sum because a breach of contract action arising from the petitioner's performance of the subject construction contract was pending. The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 in the nature of mandamus seeking, inter alia, to compel the Town to release the money which it held in trust. In their answer, the Town, its Council members, Supervisor, and Comptroller (hereinafter the appellants) asserted, as an objection in point of law, that the petition was barred by res judicata. After the breach of contract action terminated in the Town's favor, the Supreme Court granted the petition in this proceeding to the extent of directing the appellants to pay the petitioner the sum of $149,541.97 with interest. We reverse the judgment insofar as appealed from.

"Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (*Abraham v Hermitage Ins. Co.,* 47 AD3d 855, 855 [2008]; *see Matter of Hunter,* 4 NY3d 260, 269 [2005]; *Barbieri v Bridge Funding,* 5 AD3d 414, 415 [2004]; *Winkler v Weiss,* 294 AD2d 428, 429 [2002]). The fact that causes of action may be stated separately, invoke different legal theories, or seek different relief will not permit relitigation of claims (*see Matter of Hodes v Axelrod,* 70 NY2d 364, 372 [1987]; *Matter of Reilly v Reid,* 45 NY2d 24 [1978]; *Abraham v Hermitage Ins. Co.,* 47 AD3d 855 [2008]).

In the proceeding that is the subject of this appeal, the petitioner seeks to compel the Town to release the sum of

$149,541.97, which represents money due under the same construction contract which formed the basis of the petitioner's breach of contract action against the Town, and the Town's breach of contract counterclaim against the petitioner. Moreover, the record demonstrates that the petitioner's entitlement to this sum was actually litigated at the trial of the breach of contract action, which was disposed of on the merits. Although the petitioner characterizes this proceeding as one to compel the release of trust funds in accordance with a directive of the Department of Labor, the doctrine of res judicata bars it from relitigating its entitlement to this money on a new theory (see Abraham v Hermitage Ins. Co., 47 AD3d 855 [2008]; Blandford Land Clearing Corp. v City of New York, 275 AD2d 435 [2000]; CRK Contr. of Suffolk v Brown & Assoc., 260 AD2d 530 [1999]). Accordingly, the Supreme Court should have sustained the appellants' objection in point of law alleging that the proceeding was barred by res judicata, and dismissed the petition in its entirety on that ground.

In light of our determination, we need not reach the appellants' remaining contentions. Florio, J.P., Angiolillo, Eng and Chambers, JJ., concur.