■ PETER STASSOU, Appellant, v MGS WORLD, INC., et al., Respondents, et al., Defendants. [858 NYS2d 274]—

In an action to enjoin the defendants from interfering with an

easement over certain real property and to recover damages for breach of the easement, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), entered November 15, 2006, as granted the cross motion of the defendants NARA Bank National Association and Boythern Limited, and the separate cross motion of the defendant MGS World, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the action is barred by the doctrine of res judicata.

Ordered that order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

"Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties or those in privity with them of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior action" (*Barbieri v Bridge Funding,* 5 AD3d 414, 415 [2004]; *see Matter of Hunter,* 4 NY3d 260, 269 [2005]).

Here, the Supreme Court properly awarded summary judgment dismissing the complaint insofar as asserted against the defendants NARA Bank National Association (hereinafter NARA), Boythern Limited (hereinafter Boythern), and MGS World, Inc. (hereinafter MGS). The plaintiff's claims, relating to the destruction of an easement he reserved for himself over real property adjoining his own, were adjudicated in an action entitled *Stassou v Casini & Huang Construction, Inc.,* commenced in the Supreme Court, Queens County, under index No. 6863/1985 (hereinafter *Stassou I*), in which the plaintiff was awarded the sum of $630,000. The claims in the instant action are identical to those raised in *Stassou I,* and NARA, Boythern, and MGS are all in privity with the defendants in *Stassou I* (*see Matter of Juan C. v Cortines,* 89 NY2d 659, 667 [1997]; *Bay Shore Family Partners v Foundation of Jewish Philanthropies of Jewish Fedn. of Greater Fort Lauderdale,* 270 AD2d 374, 375 [2000]). As such, NARA, Boythern, and MGS were all entitled to summary judgment dismissing the complaint insofar as asserted against them on the ground of res judicata (*see Sterngass v Soffer,* 27 AD3d 549, 550 [2006]; *Barbieri v Bridge Funding,* 5 AD3d at 415). Fisher, J.P., Covello, Angiolillo and Belen, JJ., concur.