(August 19, 2008)

■ PHILIP BARASH, as Executor of CELIA KATES, Deceased, et al., Appellants, v NORTHERN TRUST CORPORATION, Respondent. [863 NYS2d 248]—

In an action to recover damages for fraud based on alleged mismanagement and waste, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Feinman, J.), dated September 15, 2006, which granted the defendant's motion to dismiss the complaint on the ground of res judicata.

Ordered that the order is affirmed, with costs.

The Northern Trust Bank of Florida, N.A. (hereinafter Northern Florida), a subsidiary of the defendant, Northern Trust Corporation (hereinafter Northern Trust), was appointed the sole trustee of a testamentary trust (hereinafter the Trust), created under the will of the decedent Irving G. Kates under a 2001 agreement. The Trust established a lifetime income interest for the decedent's wife, Celia Kates, with the remainder interest to pass to their daughters, the plaintiff Sandra Barash and her sister, Gloria Kates, on Celia's death.

The Trust terminated when Celia died on August 10, 2004. The plaintiff Philip Barash became the executor of Celia's estate, and Northern Florida commenced a proceeding in the Probate Division of the Circuit Court in and for Palm Beach County, Florida (hereinafter the Florida Probate Court) to judicially settle its account as the trustee of the Trust. The Florida Probate Court approved Northern Florida's account, after trial, in a judgment dated January 27, 2005.

The plaintiffs commenced this action against Northern Trust, asserting various causes of action alleging fraud and mismanagement in connection with the administration of the Trust. Northern Trust moved to dismiss the complaint on the ground of res judicata, and the Supreme Court granted the motion. We affirm.

Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, on a cause of action arising out of the same transaction or series of transactions as a cause of action which was or could have been raised in a prior proceeding (*see Matter of Hunter,* 4 NY3d 260, 269 [2005]; *Barbieri v Bridge Funding,* 5 AD3d 414, 415 [2004]). Prior to this action, the plaintiffs asserted identical claims in an attempt to remove the accounting proceeding from the Florida Probate Court to the United States District Court for the Eastern District of New York, in moving to set aside the judgment in the Florida Probate Court, and in an action they commenced against Northern Trust and two of its officers in the Eastern District of New York. All such issues could have been or were raised in the proceeding before the Florida Probate Court, which entered the judgment approving Northern Florida's account, which the plaintiffs admit they failed to appear in, while having received proper notice (*see Matter of Hunter,* 4 NY3d at 269; *cf. Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343, 347 [1999]; *Abraham v Hermitage Ins. Co.,* 47 AD3d 855 [2008]; *Town of New Windsor v New Windsor Volunteer Ambulance Corps, Inc.,* 16 AD3d 403, 404-405 [2005]; *Citizens Bank of Appleton City, Mo. v C.L.R. Brooklyn Realty Corp.,* 5 AD3d 528 [2004]).

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.