■ LIGHTHOUSE 925 HEMPSTEAD, LLC, Appellant, v CITIBANK, N.A., et al., Respondents. [889 NYS2d 188]—

In an action, inter alia, to recover damages for trespass and nuisance, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), entered June 23, 2008, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that it was barred by the principles of res judicata.

Ordered that the order is affirmed, with costs.

The defendant Citibank, N.A. (hereinafter Citibank), leased premises at 925 Hempstead Turnpike, Franklin Square, in Nassau County, from nonparty American Real Estate Holdings Limited Partnership. The defendant Citigroup, Inc. (hereinafter Citigroup), is the parent corporation of Citibank. The lease expired on August 31, 2004, and Citibank surrendered the premises. American Real Estate thereafter conveyed the premises to the plaintiff Lighthouse 925 Hempstead, LLC (hereinafter Lighthouse). Lighthouse has since conveyed it to another entity.

On February 17, 2005 Lighthouse commenced an action

against Citibank and Citigroup, alleging, among other things, that they had breached the lease by failing to remove a drive-thru ATM before surrendering the premises. The Supreme Court, New York County, granted the defendants' motion to dismiss that complaint on the merits in an order dated November 9, 2005.

Lighthouse commenced this action against Citibank and Citigroup on September 12, 2007, alleging, among other things, that the presence of the drive-thru ATM on the premises constituted a continuing trespass. The defendants moved for summary judgment dismissing the complaint on the ground that it was barred by the principles of res judicata. In an order entered June 23, 2008, the Supreme Court, Nassau County, granted the defendants' motion. Lighthouse appeals.

"Res judicata serves to bar future litigation between the same parties or those in privity with the parties of a cause of action arising out of the same transaction or series of transactions as a cause of action that was raised in a prior proceeding" (*Winkler v Weiss*, 294 AD2d 428, 429 [2002]; *see Matter of ADC Contr. & Constr., Inc. v Town of Southampton*, 50 AD3d 1025, 1026 [2008]). The fact that causes of action may be stated separately or invoke different legal theories will not permit relitigation of claims (*see Matter of Hodes v Axelrod*, 70 NY2d 364, 372 [1987]; *see also Matter of ADC Contr. & Constr., Inc. v Town of Southampton*, 50 AD3d at 1025).

Here, both this action and the prior action arise from the same transaction, namely the defendants' alleged failure to remove a drive-thru ATM. The fact that Lighthouse now invokes the legal theory of trespass instead of breach of contract, which it argued in the prior action, will not permit it to relitigate the claim. Therefore, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint on the ground that it was barred by res judicata. Dillon, J.P., Dickerson, Lott and Austin, JJ., concur. [*See* 2008 NY Slip Op 31846(U).]