■ PONDVIEW CORP. et al., Appellants, v ANDREW BLATT, Individually and as Personal Representative of the Estate of ELEANOR BLATT, Deceased, et al., Respondents. [943 NYS2d 754]—

In an action, inter alia, to recover unpaid rent, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Berliner, J.), dated August 26, 2010, which granted those branches of the separate motions of the defendants Russand, Inc., Estate of Ann Iser, individually, and as Personal Representative of the Estate of William Iser, and Lynn Iser and Stephen Iser, individually, and as Successor Personal Representatives of the Estate of William Iser, Personal Representatives of the Estate of Ann Iser, and Trustees of the Trust Created Pursuant to Article "Fifth" of the Last Will and Testament of the William Iser for the Benefit of Ann Iser, and the defendants Andrew Blatt, individually, and as Personal Representative of the Estate of Eleanor Blatt, and Tappan Zee Senior Management Corp., which were to dismiss the complaint insofar as asserted against each of them pursuant to CPLR 3211 (a) (5), based on the doctrine of res judicata.

Ordered that the order is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs.

" 'Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding' " (*Matter of ADC Contr. & Constr., Inc. v Town of Southampton*, 50 AD3d 1025, 1026 [2008], quoting *Abraham v Hermitage Ins. Co.*, 47 AD3d 855, 855 [2008]; *see Matter of Hunter*, 4 NY3d 260, 269 [2005]; *Grant v Aurora Loan Servs.*, 88 AD3d 949, 949 [2011]; *Town of Huntington v Beechwood Carmen Bldg. Corp.*, 82 AD3d 1203, 1206 [2011]; *Barbieri v Bridge Funding*, 5 AD3d 414, 415 [2004]). "The fact that causes of action may be stated separately, invoke different legal theories, or seek different relief will not permit relitigation of claims" (*Matter of ADC Contr. & Constr., Inc. v Town of Southampton*, 50 AD3d at 1026; *see Matter of Hodes v Axelrod*, 70 NY2d 364, 372 [1987]; *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *Matter of Reilly v Reid*, 45 NY2d 24 [1978]; *Grossman v New York Life Ins. Co.*, 90 AD3d 990, 991 [2011]; *Uffer v Travelers Cos., Inc.*, 88 AD3d 690, 691 [2011]; *Toscano v 4B's Realty VIII Southampton Brick & Tile, LLC*, 84 AD3d 780, 780 [2011]).

Here, the claims asserted by the plaintiffs arose out of the

same transaction or series of transactions as those raised in a prior action commenced by the plaintiffs in 2003 (hereinafter the 2003 action). Moreover, all of the claims asserted here either were raised or could have been raised in the 2003 action. Accordingly, notwithstanding the fact that some relief sought in this action is different from that sought in the 2003 action, the Supreme Court properly granted those branches of the defendants' separate motions which were to dismiss the complaint insofar as asserted against each of them pursuant to CPLR 3211 (a) (5), based on the doctrine of res judicata.

In light of our determination, we need not reach the parties' remaining contentions. Skelos, J.P., Dickerson, Eng and Leventhal, JJ., concur.