Healthway Medical Care, P.C., as Assignee of Peggy Brown, Appellant, 
against
American Transit Ins. Co., Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Terrence C. O'Connor, J.), entered March 26, 2015. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
Plaintiff commenced this action on November 1, 2013 to recover assigned first-party no-fault benefits for medical services provided to its assignor for injuries she had allegedly sustained in a motor vehicle accident on June 12, 2011. Plaintiff moved for summary judgment, and defendant opposed the motion on the ground that plaintiff failed to establish its prima facie case. Defendant cross-moved for summary judgment dismissing the complaint on the ground that the action is barred by the doctrine of res judicata. In support of its cross motion, defendant proffered an order, entered May 31, 2013, in a declaratory judgment action in the Supreme Court, New York County, that had been commenced against, among other parties, plaintiff herein and its assignor. The Supreme Court declared that the insurer is not required to pay any claims for no-fault benefits under the policy at issue with respect to an alleged accident on June 12, 2011. By order entered March 26, 2015, the Civil Court denied plaintiff's motion and granted defendant's cross motion on the basis of the order in the declaratory judgment action. On appeal, plaintiff argues that it established its prima facie entitlement to summary judgment and that defendant failed to demonstrate that the causes of action in the present matter arose out of the same transaction as the causes of action in the Supreme Court action.
Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior action (see Abraham v Hermitage Ins. Co., 47 AD3d 855 [2008]). 
"The rationale underlying this principle is that a party who has been given a full and fair opportunity to litigate a claim should not be allowed to do so again" (Matter of Hunter, 4 NY3d 260, 269 [2005]). In the case at bar, the determination as to whether defendant was obligated to pay plaintiff's claims "arises out of the same transaction, i.e., the subject accident" of June 12, 2011 (see SZ Med., P.C. v Erie Ins. Co., 24 Misc 3d 126[A], 2009 NY Slip Op 51221[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]), and involves the same insurer, medical [*2]provider and injured party as were involved in the Supreme Court declaratory judgment action. Thus, in light of the May 31, 2013 order of the Supreme Court, the instant action is barred under the doctrine of res judicata (see EBM Med. Health Care, P.C. v Republic W. Ins., 38 Misc 3d 1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). A different result in the instant action would destroy or impair rights or interests established by the Supreme Court order (see Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929]). Consequently, the Civil Court properly granted defendant's cross motion and denied plaintiff's motion. In view of the foregoing, we do not reach plaintiff's remaining contention.
Accordingly, the order is affirmed.
Aliotta, J.P., Pesce and Solomon, JJ., concur.
Decision Date: December 07, 2016