■ BERNARD J. PERINI, Appellant, v FRANK A. LEO, Respondent. [47 NYS3d 101]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated August 25, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The parties in this action were involved in a prior lawsuit in New Jersey regarding the repayment of a promissory note. The New Jersey action was commenced by the defendant herein against, among others, the plaintiff herein. In this action, the plaintiff alleges that the defendant's commencement of the New Jersey action and his efforts to enforce the judgment obtained therein constituted abuse of process and malicious prosecution. The plaintiff further alleges that the defendant committed a fraud and breached his duty of good faith in connection with the loan and execution of the promissory note that were the subjects of the New Jersey action.

The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted those branches of the motion which were for summary judgment dismissing the causes of action alleging fraud and breach of the duty of good faith, determining that those causes of action were barred by the doctrine of res judicata and the New Jersey "entire controversy doctrine." The court further granted those branches of the motion which were for summary judgment dismissing the causes of action alleging abuse of process and malicious prosecution. The plaintiff appeals, and we affirm.

The defendant established his prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging breach of the duty of good faith and fraud on the ground of res judicata and the New Jersey "entire controversy doctrine," and the plaintiff failed to raise a triable issue of fact in opposition. Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing those causes of action on those grounds (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347 [1999]; Henry Modell & Co. v Minister, Elders & Deacons of Ref. Prot. Dutch Church of City of N.Y., 68 NY2d 456, 461 [1986]; Schultz v Boy Scouts of Am., 65 NY2d 189, 204 [1985]; Valley Sav. Bank v Rose, 228 AD2d 666, 667 [1996]).

Furthermore, the Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging abuse of process and malicious prosecution. " 'Abuse of process has three essential elements: (1) regularly issued process, either civil or

criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective' " (*Greco v Christoffersen*, 70 AD3d 769, 770 [2010], quoting *Curiano v Suozzi*, 63 NY2d 113, 116 [1984]). The mere commencement of a lawsuit cannot serve as the basis for a cause of action alleging abuse of process (*see Curiano v Suozzi*, 63 NY2d at 117; *Greco v Christoffersen*, 70 AD3d at 770). "[T]here must be an unlawful interference with one's person or property under color of process in order that action for abuse of process may lie" (*Williams v Williams*, 23 NY2d 592, 596 [1969]). The elements essential to the maintenance of a cause of action alleging malicious prosecution are (1) the initiation of a proceeding, (2) its termination favorably to the plaintiff, (3) a lack of probable cause, and (4) malice (*see Colon v City of New York*, 60 NY2d 78, 82 [1983]; *Martin v City of Albany*, 42 NY2d 13, 16 [1977]; *Hornstein v Wolf*, 109 AD2d 129, 132 [1985], *affd* 67 NY2d 721 [1986]).

Here, the defendant established his prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging abuse of process and malicious prosecution. In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Chambers, J.P., Cohen, Maltese and Barros, JJ., concur.