Hubert I. Johnson, Appellant, The
against
Hartford Insurance Company, Respondent.




Hubert I. Johnson, appellant pro se.
The Law Office of Tobias & Kuhn (Michael V. DiMartini of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Steven Z. Mostofsky, J.), entered August 29, 2016. The order denied plaintiff's motion to vacate an order of that court entered May 19, 2015 which, upon plaintiff's failure to submit opposition to a motion by defendant to vacate a judgment of that court entered February 11, 2015 upon defendant's failure to appear on a court date and to dismiss the complaint, granted defendant's motion.




ORDERED that the order entered August 29, 2016 is affirmed, without costs.
In an earlier action (the "first action," Johnson v Hartford Ins. Co., Civ Ct, Kings County, index No. CV-036371-12/KI), plaintiff sought to recover the principal sum of $12,707.52 from defendant Hartford Insurance Company, based on a claim that plaintiff had previously brought before the Workers' Compensation Board. On August 5, 2014, plaintiff entered into a stipulation with defendant that was so-ordered by Judge Noach Dear, pursuant to which plaintiff discontinued the first action with prejudice.
Plaintiff thereafter commenced the present action, which seeks to recover the principal sum of $12,707.52, the same amount, and based on the same claim, as was involved in the first action. Defendant moved to dismiss the complaint. While defendant's unopposed motion was pending, defense counsel failed to appear at a January 29, 2015 scheduled court date, as a result of which, on February 11, 2015, a default judgment was entered against defendant in the [*2]principal sum of $12,707.52. On the same date, February 11, 2015, the Civil Court (Steven Z. Mostofsky, J.), among other things, granted defendant's motion to dismiss the complaint.
Defendant thereafter moved to vacate the default judgment that had been entered against it on February 11, 2015 and (notwithstanding that an order entered on February 11, 2015 had already dismissed the complaint) to dismiss the complaint. Plaintiff did not submit any opposition to the motion. By order entered May 19, 2015, defendant's motion was granted and the complaint was dismissed with prejudice. The order also prohibited plaintiff from making another motion or commencing a new proceeding based on the same claims without obtaining the prior permission of the court. On July 8, 2016, this court dismissed plaintiff's appeal from that order (Johnson v Hartford Ins. Co., 2016 NY Slip Op 79419[U]), on the ground that no appeal lies from an order that is entered on the default of the appealing party.
In August 2016, plaintiff moved to vacate the May 19, 2015 order and to confirm the default judgment that had been entered on February 11, 2015 (and subsequently vacated). In support of his motion, plaintiff submitted the affirmation of an attorney, who failed to set forth an excuse for plaintiff's default that had resulted in the May 19, 2015 order or a meritorious cause of action, as required to vacate an order granted on default. Defendant opposed plaintiff's motion. By order entered August 29, 2016, the Civil Court (Steven Z. Mostofsky, J.) denied plaintiff's motion, and plaintiff appeals.
To obtain relief from an order granted on default, a plaintiff is required to demonstrate both a reasonable excuse for his default and a meritorious cause of action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1984]). However, the cause of action asserted herein is identical to that which was asserted, and dismissed, in the first action. Thus, plaintiff was precluded, under the doctrine of res judicata, from again asserting that cause of action in the instant action (see Matter of Hodes v Axelrod, 70 NY2d 364, 372 [1987]; see also Matter of Hunter, 4 NY3d 260, 269 [2005]; Lighthouse 925 Hempstead, LLC v Citibank, N.A., 66 AD3d 846, 847 [2009]; Matter of ADC Contr. & Constr., Inc. v Town of Southampton, 50 AD3d 1025, 1026 [2008]). As plaintiff has failed to demonstrate a meritorious cause of action, his motion to vacate the order entered May 19, 2015 was properly denied. 
We pass on no other issue.
Accordingly, the order entered August 29, 2016 is affirmed.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 13, 2018