Sciangula v Montegut (2018 NY Slip Op 07165)





Sciangula v Montegut


2018 NY Slip Op 07165


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2016-10427
 (Index No. 4488/05)

[*1]Joan Sciangula, etc., appellant, 
v
Densye Montegut, etc., et al., respondents.


Warren S. Dank, Syosset, NY, for appellant.
Thomas A. Toscano, P.C., Mineola, NY (Cecilia E. O'Connell of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for fraud, unjust enrichment, and conversion, the plaintiff appeals from an order of the Surrogate's Court, Kings County (Margarita Lopez Torres, S.), dated September 6, 2016. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the doctrine of res judicata.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In July 2004, Agnes Ann English, also known as Ann Faulkner (hereinafter Faulkner), died intestate. Faulkner was survived by her husband, Joseph English (hereinafter English), and her three children from a prior marriage, including the plaintiff, Joan Sciangula. In August 2006, letters of administration were issued to English to administer Faulkner's estate. In February 2011, English died. In January 2012, two of English's surviving children from a prior marriage, Edward English and Denyse Montegut (hereinafter Montegut), were issued letters testamentary appointing them as fiduciaries of English's estate. In June 2014, the Surrogate's Court issued letters of administration to the plaintiff for Faulkner's estate.
Thereafter, the plaintiff, as administrator of Faulkner's estate, commenced a proceeding in the Surrogate's Court pursuant to SCPA 2104(4) against Edward English and Montegut, as co-executors of English's estate, to recover certain personal and real property. The plaintiff alleged that the property was owned by Faulkner on the date of her death, withheld by English in administering Faulkner's estate, and in the possession of Edward English and Montegut. Edward English and Montegut moved, inter alia, for summary judgment dismissing the petition on the grounds that the proceeding was akin to an action in replevin or conversion, and was barred by the applicable three-year statute of limitations. In opposition, the plaintiff argued that the proceeding was not time-barred because the proceeding sounded in fraud and the limitations period set forth in CPLR 213(8) applied. In an order dated March 24, 2015, the court granted the motion, determining that the proceeding sounded in replevin and was time-barred under the applicable three-year statute of limitations. The court further noted that the plaintiff's allegation of fraud was raised for the first time in opposition to the motion by Edward English and Montegut, and concluded that the petition failed to state a cause of action alleging fraud.
In June 2015, the plaintiff, individually and as administrator of Faulkner's estate, commenced the instant action in the Supreme Court against Montegut individually, as co-executor [*2]of English's estate, and as trustee of the Joseph A. English Family Trust, and against Edward English individually, as co-executor of English's estate, and as trustee of the Joseph A. English Family Trust. The complaint alleged, inter alia, that while English was acting as administrator of Faulkner's estate, he intentionally and fraudulently failed to include in Faulkner's estate essentially the same property that was at issue in the SCPA 2104(4) proceeding. The complaint alleged that English concealed the property from the plaintiff, and left the property to his children from a prior marriage, including Montegut and Edward English. The plaintiff asserted causes of action to recover damages for fraud, unjust enrichment, and conversion.
The defendants moved, inter alia, to transfer the action from the Supreme Court to the Surrogate's Court and to dismiss the complaint pursuant to CPLR 3211(a)(5) as barred by the doctrine of res judicata. The defendants argued that the instant action involved the same property as the SCPA 2104(4) proceeding, that all of the causes of action alleged in the instant action arose out of the same transaction or series of transactions as the allegations that were raised, or could have been raised, in the SCPA 2104(4) proceeding, and that the dismissal of the SCPA 2104(4) proceeding on the ground that it was barred by the statute of limitations was on the merits for the purpose of res judicata. The instant action was transferred from the Supreme Court to the Surrogate's Court. In an order dated September 6, 2016, the Surrogate's Court, inter alia, granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211(a)(5) as barred by the doctrine of res judicata. The plaintiff appeals.
" Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding'" (Bayer v City of New York, 115 AD3d 897, 898, quoting Abraham v Hermitage Ins. Co., 47 AD3d 855, 855; see Matter of Hunter, 4 NY3d 260, 269; Clerico v Pollack, 148 AD3d 769, 770). " The fact that causes of action may be stated separately, invoke different legal theories, or seek different relief will not permit relitigation of claims'" (Bayer v City of New York, 115 AD3d at 898, quoting Pondview Corp. v Blatt, 95 AD3d 980, 980; see Abraham v Hermitage Ins. Co., 47 AD3d at 855).
Here, the causes of action alleging fraud, unjust enrichment, and conversion in the instant action arose out of the same set of operative facts as the allegations asserted in the SCPA 2104(4) proceeding, and either were or could have been raised in that proceeding (see generally Perini v Leo, 147 AD3d 877, 878; 74 Eldert, LLC v Sharp, 138 AD3d 819, 820; Hoffer v Bank of Am., N.A., 136 AD3d 750, 750; Sun Plaza Enters. Corp. v Crown Theatres, L.P., 307 AD2d 351, 351). The Surrogate's Court's determination that the proceeding was akin to an action in replevin and was time-barred under the applicable statute of limitations was on the merits for the purpose of res judicata (see Smith v Russell Sage Coll., 54 NY2d 185, 194; Hendrickson v Philbor Motors, Inc., 102 AD3d 251, 260; Nostrom v County of Suffolk, 100 AD3d 974, 975; Hae Sheng Wang v Pao-Mei Wang, 96 AD3d 1005, 1007; Sosa v JP Morgan Chase Bank, 33 AD3d 609, 611).
Additionally, the order granting the motion for summary judgment dismissing the SCPA 2104(4) petition is binding against the plaintiff, even though the proceeding was commenced by the plaintiff in her representative capacity on behalf of Faulkner's estate, and the instant action was commenced by the plaintiff both individually and in her representative capacity. In general, a judgment for or against a person in his or her representative capacity is not res judicata against that person in his or her personal capacity (see Matter of Sullivan, 289 NY 323, 326; Leonard v Pierce, 182 NY 431, 432; Magid v Sunrise Holdings Group, LLC, 155 AD3d 717; Specialized Realty Servs., LLC v Maikisch, 123 AD3d 801, 802; Tuper v Tuper, 34 AD3d 1280, 1281). However, where an individual's interests are affected by prior litigation in which he or she participated in a representative capacity, res judicata will apply in a subsequent action commenced in the individual's personal capacity (see Matter of Clamp, 193 AD2d 601, 602; Weiner v Greyhound Bus Lines, 55 AD2d 189, 193-194; Restatement [Second] of Judgments § 36). Here, the plaintiff's individual interests would have been affected had she prevailed in the proceeding because she was a distributee of Faulkner's estate. Similarly, although the proceeding was commenced against Edward English and Montegut in their representative capacities on behalf of English's estate, and the instant action was commenced against Edward English and Montegut both individually and in their representative capacities on behalf of English's estate, as beneficiaries of English's estate, Edward English's and Montegut's individual interests were affected in the proceeding. Further, under the circumstances, [*3]Edward English and Montegut, as co-executors of English's estate, were in privity with Edward English and Montegut, as trustees of the Joseph A. English Family Trust (see generally Dupps v Betancourt, 121 AD3d 746; Bayer v City of New York, 115 AD3d at 899; Parolisi v Slavin, 98 AD3d 488; Toscano v 4B's Realty VIII Southampton Brick & Tile, LLC, 84 AD3d 780, 781).
Accordingly, we agree with the Surrogate's Court's determination to grant that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the doctrine of res judicata.
The plaintiff's remaining contentions are not properly before this Court.
CHAMBERS, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court