Bed Stuy Medical, P.C., as Assignee of Valdez Vallon, and Bed Stuy Physical Therapy, P.C., as Assignee of Valdez Vallon, Respondents,
against
Travelers Insurance, Appellant. 




Law Offices of Aloy O. Ibuzor (Michael L. Rappaport of counsel), for appellant.
Zara Javakov, P.C. (Zara Javakov of counsel), for respondents (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Harriet L. Thompson, J.), entered October 3, 2017. The order denied defendant's motion for summary judgment dismissing the complaint and made implicit CPLR 3212 (g) findings in plaintiff's favor.




ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is granted.
Plaintiffs, Bed Stuy Medical, P.C. and Bed Stuy Physical Therapy, P.C., commenced this action to recover first-party no-fault benefits for services they had provided to their assignor, Valdez Vallon, who had allegedly sustained injuries in a motor vehicle accident which had occurred on March 15, 2013. Defendant moved for summary judgment dismissing the complaint on the ground that, in a prior action entitled "Yevgeniy Margulis, Ph.D., Bed Stuy Physical Therapy, P.C., Bed Stuy Medical, P.C. a/a/o Constantine McLaughlin, Valdez Vallon against Travelers Insurance," the Civil Court (Theresa M. Ciccotto, J.), by order entered January 28, 2016, had granted defendant's motion for summary judgment dismissing the same claims related [*2]to the same accident and assignor, Valdez Vallon, as the claims at issue herein.[FN1]
Defendant's motion for summary judgment in the prior action had been unopposed, and plaintiffs never moved to vacate their default in opposing the motion. Thus, defendant asserted, plaintiffs' present action is barred by the doctrine of res judicata. Defendant appeals from an order of the Civil Court (Harriet L. Thompson, J.) entered October 3, 2017 denying defendant's motion for summary judgment dismissing this action and making implicit CPLR 3212 (g) findings in plaintiff's favor.

"Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes relitigation of that claim and all claims arising out of the same transaction or series of transactions by a party or those in privity with a party" (Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d 912, 913-914 [2016]; see Matter of Hunter, 4 NY3d 260, 269 [2005]; Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929]). The doctrine of res judicata is applicable to a judgment that has not been vacated (see Lazides v P & G Enters., 58 AD3d 607 [2009]; Matter of Eagle Ins. Co. v Facey, 272 AD2d 399 [2000]). 

In support of the motion at issue, defendant submitted the January 28, 2016 order of the Civil Court and defendant's moving papers in the prior action, which included the complaint, supporting affidavits and the claim forms involved therein. Upon a review of the record, we find that defendant's moving papers established that the causes of action asserted herein are identical to those which were asserted in the prior action, which action was decided by the January 28, 2016 order of the Civil Court granting defendant's motion for summary judgment dismissing those claims. In view of the foregoing, plaintiffs were precluded, under the doctrine of res judicata, from asserting the same causes of action in this case (see Matter of Hodes v Axelrod, 70 NY2d 364, 372 [1987]; see also Matter of Hunter, 4 NY3d 260; Lighthouse 925 Hempstead, LLC v Citibank, N.A., 66 AD3d 846, 847 [2009]; Matter of ADC Contr. & Constr., Inc. v Town of Southampton, 50 AD3d 1025 [2008]). Consequently, defendant established its entitlement to summary judgment.

Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is granted.

PESCE, P.J., WESTON and ALIOTTA, JJ., concur.



ENTER:

Paul Kenny

Chief Clerk

Decision Date: November 08, 2019



Footnotes

Footnote 1:The claim by Yevgeniy Margulis, Ph.D., as assignee of Constantine McLaughlin, was previously settled by stipulation dated April 2, 2014.