Brutus v Kelch (2025 NY Slip Op 04868)

Brutus v Kelch

2025 NY Slip Op 04868

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2024-02679
2024-07373
 (Index No. 516411/23)

[*1]Jean Brutus, appellant, 
v
Eugenia Kelch, et al., respondents.

Law Offices of K.C. Okoli, P.C., New York, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Elina Druker and Shane Magnetti of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for employment discrimination on the basis of gender and national origin in violation of, inter alia, the New York City Human Rights Law, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Gina Abadi, J.), dated February 7, 2024, and (2) an order of the same court dated July 29, 2024. The order dated February 7, 2024, granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint. The order dated July 29, 2024, denied that branch of the plaintiff's motion which was for leave to reargue his opposition to the defendants' prior motion pursuant to CPLR 3211(a) to dismiss the complaint and, in effect, denied those branches of the plaintiff's motion which were pursuant to CPLR 2221(a) and 5015(a)(1) to vacate the order dated February 7, 2024, and pursuant to CPLR 3025(b) for leave to replead or amend the complaint.
ORDERED that the appeal from so much of the order dated July 29, 2024, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated February 7, 2024, is affirmed; and it is further,
ORDERED that the order dated July 29, 2024, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In June 2023, the plaintiff commenced this action against Eugenia Kelch and Theresa Davis, employees of the Department of Education of the City of New York (hereinafter the DOE), in their individual and official capacities, to recover damages for employment discrimination alleging violations of the United States and New York State Constitutions, the New York City Human Rights Law, the Administrative Code of the City of New York, and 42 USC §§ 1981, 1983, and 1985. The plaintiff alleged, inter alia, that he was discriminated against by the defendants during his employment with the DOE based on his "gender as male, and national origin as someone born in Haiti."
The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint on the ground, among others, that the causes of action asserted against them in their official capacities was barred by the doctrine of res judicata. According to the defendants, in November 2022, the plaintiff commenced a substantially similar action asserting causes of action identical to those asserted in this action (hereinafter the prior action) against the defendants' employer, the DOE, as well as against the Board of Education of the City School District of the City of New York. The Supreme Court granted the motion of the defendants in the prior action to dismiss the complaint on the basis of the plaintiff's default and directed dismissal of the complaint. In an order dated February 7, 2024 (hereinafter the February 2024 order), the court granted the defendants' motion in this action and directed dismissal of the complaint.
Thereafter, more than one month after the February 2024 order was issued, the plaintiff moved, among other things, pursuant to CPLR 2221(a) and 5015(a)(1) to vacate the February 2024 order and pursuant to CPLR 3025(b) for leave to replead or amend the complaint. The defendants opposed. In an order dated July 29, 2024, the Supreme Court, inter alia, in effect, denied those branches of the plaintiff's motion. The plaintiff appeals from both orders.
"Under the doctrine of res judicata, or claim preclusion, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (Alarcon v Henry, 235 AD3d 706, 707 [internal quotation marks omitted]). "The fact that causes of action may be stated separately, invoke different legal theories, or seek different relief will not permit relitigation of claims" (Bayer v City of New York, 115 AD3d 897, 898 [internal quotation marks omitted]). "[T]o establish privity the interests of the nonparty must have been represented by a party in the prior proceeding" (id.).
Here, the Supreme Court properly granted those branches of the defendants' motion which were to dismiss the causes of action insofar as asserted against them in their official capacities, as those causes of action are barred by the doctrine of res judicata (see Thomas v Trustees of the Freeholders & Commonalty of the Town of Southampton, 202 AD3d 858, 861; Williams v City of Yonkers, 160 AD3d 1017, 1019). The defendants in their official capacities were in privity with their employer, the DOE, and the default judgment in the prior action was a final judgment on the merits (see Alarcon v Henry, 235 AD3d at 707; Bayer v City of New York, 115 AD3d at 898).
The Supreme Court properly, in effect, denied that branch of the plaintiff's motion which was to vacate the February 2024 order (see Bayview Loan Servicing, LLC v Kelly, 235 AD3d 939, 940).
The Supreme Court also properly, in effect, denied that branch of the plaintiff's motion which was for leave to amend the complaint, as there was no complaint before the court to amend at the time the plaintiff moved for such relief (see Panagoulopoulos v Carlos Ortiz Jr. MD, P.C., 194 AD3d 728, 729). Moreover, since the additional factual allegations in the proposed amended complaint were palpably insufficient and did not correct the defects in the original complaint, that branch of the plaintiff's motion which was for leave to replead was properly, in effect, denied as well (see Mitchell v Jimenez, 233 AD3d 773, 776; US Bank N.A. v Murillo, 171 AD3d 984, 985).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court