■ CON-SOLID CONTRACTING Co., INC., Respondent, v LITWAK DEVELOPMENT CORP. et al., Appellants. (Action No. 1.) CON-SOLID CONTRACTING Co., INC., Respondent, v HARRIS LITWAK et al., Appellants, et al., Defendants. (Action No. 2.) [748 NYS2d 788] —In two related actions, inter alia, to recover damages for breach of contract, (1) Litwak Development Corp. and I.J. Litwak & Co., Inc., the defendants in Action No. 1, appeal from a judgment of the Supreme Court, Queens County (Dollard, J.), entered August 6, 2001, which, upon granting the plaintiff's motion for judgment as a matter of law, made after both sides rested, is in favor of the plaintiff and against the defendant Litwak Development Corp. in the principal sum of $93,728.71 and in favor of the plaintiff and against the defendant I.J. Litwak & Co., Inc., in the principal sum of $20,315.50, and (2)

Harris Litwak and Irving J. Litwak, the defendants in Action No. 2, appeal from a judgment of the same court, also entered August 6, 2001, which, upon an order of the same court (Le-Vine, J.), dated June 12, 2001, denying their motion for summary judgment dismissing the complaint insofar as asserted against them, and upon the granting of the plaintiff's motion for judgment as a matter of law, made after both sides rested, is in favor of the plaintiff and against them in the principal sum of $93,728.71.

Ordered that the judgment in Action No. 1 is affirmed, without costs or disbursements; and it is further,

Ordered that the judgment in Action No. 2 is reversed, on the law, without costs or disbursements, the plaintiff's motion is denied, the order dated June 12, 2001, is vacated, the motion of the defendants Harris Litwak and Irving J. Litwak for summary judgment is granted, the complaint is dismissed insofar as asserted against those defendants, and the action against the remaining defendants is severed.

The plaintiff, alleging that the defendants had defaulted on their payments for construction work, commenced an action under Index No. 18897/92 against Litwak Development Corp. and I.J. Litwak & Co. (hereinafter the Litwak Companies), Irving Litwak (hereinafter Irving), and Harris Litwak (hereinafter Harris). A nonjury trial was held in July 1997. The Supreme Court found the Litwak Companies liable to the plaintiff, but not Irving or Harris.

Contrary to the contention of the appellant Litwak Development Corp. (hereinafter Litwak Development), a defendant in Action No. 1 which was commenced under Index No. 22519/97, the plaintiff was entitled to judgment as a matter of law against it. A court may grant a motion for judgment as a matter of law only if there is no rational process by which a jury could base a finding in favor of the nonmoving party (*see Szczerbiak v Pilat,* 90 NY2d 553; *Farrukh v Board of Educ.,* 227 AD2d 440). Here, the documentary evidence confirmed that Litwak Development is liable to the plaintiff for construction work performed.

Further, the statute of frauds does not preclude judgment against I.J. Litwak & Co. in Action No. 1. The statute of frauds provides that a "special promise to answer for the debt, default or miscarriage of another" may not be enforced unless it is in writing (General Obligations Law § 5-701 [a] [2]; *see Martin Roofing v Goldstein,* 60 NY2d 262). Here, not only was a November 1991 amendment signed by Harris, who was president of both companies, but he testified that he personally

wrote the word "President" next to his name, wrote "Litwak Development Corp." and "I.J. Litwak & Co." thereunder, and faxed the amendment back to the plaintiff.

Before a hearing to determine whether the Litwak Companies were properly served with process, the plaintiff elected to discontinue the action under Index No. 18897/92 with prejudice, and to prosecute Action No. 1, already commenced against the Litwak Companies. In November 1997, the Judge stated on the record that the plaintiff, "instead of proceeding on the traverse, has elected to commence an entirely new action, under Index No. 22519 of '97, by notice of motion for summary judgment in lieu of complaint. In view of the above, the plaintiff acknowledges withdrawal of the pending action for judgment on Index No. 18897 of '92, and is now relying on the new action."

In 1998, the plaintiff commenced Action No. 2 against, among others, Harris and Irving, under Index No. 2443/98, seeking a judgment in the amount of $93,728.71, for, among other things, breach of contract, unjust enrichment, misrepresentation, and fraud.

Harris and Irving moved for summary judgment dismissing the complaint insofar as asserted against them in Action No. 2 because the withdrawal of the action under Index No. 22519/97 with prejudice barred the commencement of any action against them. The Supreme Court denied the motion (*see Con-Solid Contr. Co. v Litwak,* 298 AD2d 544 [decided herewith]). We disagree.

Under the doctrine of res judicata, once a claim is brought to a final conclusion, all other claims arising out of the same transactions are barred, even if based upon different theories or if seeking a different remedy (*see Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.,* 93 NY2d 375). "A dismissal 'with prejudice' generally signifies that the court intended to dismiss the action 'on the merits' that is, to bring the action to a final conclusion against the plaintiff" (*id.* at 380, quoting Restatement of Judgments § 53, Comment *c*; Restatement [Second] of Judgments § 20, Comment *d*; 27 CJS, Dismissal and Nonsuit § 73).

Contrary to the Supreme Court's finding, the transcript of the November 1997 proceeding under Index No. 18897/92, read in its entirety, shows that the court and parties intended the withdrawal to have a preclusive effect for claims asserted against Irving and Harris. Ritter, J.P., Feuerstein, Adams and Mastro, JJ., concur.