(June 21, 2004)

■ AARD-VARK AGENCY, LTD., Appellant, v BARNETT PRAGER et al., Respondents. [779 NYS2d 213]—

In an action, inter alia, to recover damages for breach of an employment agreement, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens

County (Weiss, J.), entered October 30, 2003, as denied that branch of its motion which was to dismiss the defendants' counterclaims pursuant to CPLR 3211 (a) (5) on the ground of res judicata.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the defendants' counterclaims on the ground of res judicata pursuant to CPLR 3211 (a) (5) is granted, and the defendants' counterclaims are dismissed.

The plaintiff moved, inter alia, to dismiss the defendants' counterclaims on the ground of res judicata since the same claims were dismissed "with prejudice" in a prior action brought by the defendants against the plaintiff. It is undisputed that the claims in the prior action are the same as those asserted herein as counterclaims. The Supreme Court denied that branch of the motion which was to dismiss the defendants' counterclaims, concluding that the prior order was not a dismissal "on the merits." We reverse.

In the case of *Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.* (93 NY2d 375, 380 [1999]), the Court of Appeals stated: "[T]he principle of res judicata [is] that 'once a claim is brought to *a final conclusion*, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy' (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [emphasis supplied]). A dismissal 'with prejudice' generally signifies that the court intended to dismiss the action 'on the merits,' that is, to bring the action to a final conclusion against the plaintiff . . .We have used the words 'with prejudice' interchangeably with the phrase 'on the merits' to indicate the same preclusive effect."

Here, the prior order not only granted the motion to dismiss the defendants' claims for failure to state a cause of action "with prejudice," but it also denied them leave to replead, "due to their failure to present good ground to support the causes of action." The defendants did not appeal from the prior order. The quoted language of the Supreme Court from its prior order, coupled with its dismissal with prejudice, signifies that the Supreme Court intended the dismissal to be on the merits or, put differently, to bring the defendants' claims to a final conclusion (*see O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., supra; Con-Solid Contr. Co. v Litwak Dev. Corp.*, 298 AD2d 544, 546 [2002]; *Remeeder Hous. Dev. Fund Co. v Wallace*, 222 AD2d 426 [1995]; *cf. Gallo v Teplitz Tri-State Recycling*, 254 AD2d 253 [1998]). Accordingly, the Supreme Court improperly denied that

branch of the plaintiff's motion which was to dismiss the defendants' counterclaims pursuant to CPLR 3211 (a) (5) on the ground of res judicata. Florio, J.P., Townes, Crane and Lifson, JJ., concur.