■ BARLEEN, LLC, et al., Respondents, v S & K CONVENIENCE, INC., et al., Appellants. [862 NYS2d 531]—

In an action to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated September 18, 2007, as granted those branches of the plaintiffs' motion which were for summary judgment dismissing the first, second, third, fourth, sixth, and eighth counterclaims and the second, fifth, and sixth affirmative defenses.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2004 the defendants entered into separate lease and purchase agreements with the plaintiff Barleen, LLC (hereinafter Barleen), which is the owner of the subject property, and the plaintiff D.L. Hart and Co., Inc. (hereinafter Hart) regarding the lease and operation of a gas station. Pursuant to the purchase agreement, the defendant S & K Convenience, Inc. (hereinafter S & K) agreed to buy a certain minimum amount of gasoline from Hart, and at a quantity and price set by Hart. The lease and purchase agreements were linked in a tying arrangement, and any default under one would constitute a default under the other. In 2005 S & K commenced an action (hereinafter the first action) against Barleen and Hart and their owner, Ernest Markowitz. In the first action, S & K alleged, inter alia, that the tying arrangement, the pricing, and the gasoline purchase requirements of the lease and purchase agreements violated General Business Law § 340 *et seq.,* commonly known as the Donnelly Act. In that action, S & K moved for a *Yellowstone* injunction (*see First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630 [1968]) to toll the notice period and to

enjoin Barleen from terminating the Lease. Barleen, Hart, and Markowitz cross-moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint in the first action. In an order dated July 11, 2005, the Supreme Court denied S & K's motion for an injunction and granted the cross motion of Barleen, Hart, and Markowitz dismissing the complaint.

In August 2006 Barleen and Hart commenced the instant action to recover damages for breach of both the purchase and lease agreements. In their amended answer, the defendants asserted several counterclaims and affirmative defenses sounding in breach of contract and fraud based upon, inter alia, the tying arrangement, the pricing, and the minimum purchase requirements of the lease and purchase agreements. Thereafter, Barleen and Hart moved for summary judgment dismissing the defendants' first, second, third, fourth, fifth, sixth, and eighth counterclaims and the defendants' second, fifth, and sixth affirmative defenses on the grounds of res judicata, collateral estoppel, and failure to state a cause of action. The Supreme Court granted those branches of the motion which were for summary judgment dismissing the first, second, third, fourth, sixth, and eighth counterclaims on the grounds that these counterclaims were based upon the same allegations and transactions in the first action and therefore were barred by the doctrine of res judicata. Additionally, the court dismissed the affirmative defenses for failure of proof.

The Supreme Court correctly determined that the first, second, third, fourth, sixth, and eighth counterclaims in this action are barred by the doctrine of res judicata. In this regard, the court did not merely dismiss the first action for failure to state a cause of action, but considered substantive evidence regarding the terms of the lease and purchase agreements, S & K's alleged default under the purchase agreement by failing to purchase the required amounts of gasoline, and its ability to cure the default in reaching its determination to deny S & K's motion for a *Yellowstone* injunction. Morever, the court rejected S & K's complaints regarding the terms of the purchase agreement. Consequently, as the court indicated its intent to "foreclose the merits" of the dispute over the terms of the lease and purchase agreements, the dismissal is entitled to preclusive effect and the counterclaims in this action which are based upon the same underlying allegations regarding the purchase and lease agreements from the first action are barred (*see Timoney v Newmark & Co. Real Estate, Inc.,* 36 AD3d 686, 687 [2007]; *Goldstein v Massachusetts Mut. Life Ins. Co.,* 32 AD3d 821 [2006]; *Aard-Vark Agency, Ltd. v Prager,* 8 AD3d 508, 509 [2004]).

The Supreme Court also properly dismissed the second, fifth, and sixth affirmative defenses (*see Petracca v Petracca,* 305 AD2d 566, 567 [2003]; *Bentivegna v Meenan Oil Co.,* 126 AD2d 506, 508 [1987]).

The defendants' remaining contentions are without merit. Santucci, J.P., Angiolillo, Eng and Chambers, JJ., concur.