■ DOREEN HARRIS, Also Known as DOROTHY MILLER, Appellant, v CITY OF NEW YORK et al., Respondents. [995 NYS2d 578]—

In an action, inter alia, for a declaratory judgment and to recover damages for breach of contract, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated August 14, 2012, as granted the motion of the defendant Ezra Cohen pursuant to CPLR 3012 (b) to dismiss the action insofar as asserted against him for failure to serve a timely complaint, denied her cross motion pursuant to CPLR 3012 (d) to extend the time to serve the

complaint upon the defendant Ezra Cohen, denied her separate motion pursuant to CPLR 3215 for leave to enter judgment against the defendants NAPCO Holdings, LLC, Peter Nakos, and Brooklyn Housing and Family Services on the issue of liability, upon those defendants' failure to appear or answer, granted those branches of the cross motion of those defendants which were pursuant to CPLR 5015 (a) (1) to vacate their defaults in appearing or answering, pursuant to CPLR 2004 to extend their time to appear or answer, and pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, and, in effect, granted that branch of the separate cross motion of the defendants City of New York, New York City Department of Finance, New York City Department of Housing Preservation and Development, and New York Citywide Administrative Services which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them, based on the doctrine of res judicata.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The defaults of the defendants NAPCO Holdings, LLC (hereinafter NAPCO), Peter Nakos, and Brooklyn Housing and Family Services (hereinafter collectively the NAPCO defendants) in appearing or answering were properly excused given the lack of any prejudice to the plaintiff resulting from their relatively short delay in moving to vacate their defaults, the lack of willfulness on the part of these defendants, their demonstration of a reasonable excuse for their defaults, "the existence of potentially meritorious defenses, and the public policy favoring the resolution of cases on the merits" (*PDK Labs, Inc. v G.M.G. Trans W. Corp.*, 101 AD3d 970, 972 [2012]; *see Weinstein v Schacht*, 98 AD3d 1106, 1107 [2012]; *Whitfield v State of New York*, 28 AD3d 541, 541-542 [2006]; *Paradiso & Assoc. v Tamarin*, 210 AD2d 386 [1994]). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to enter judgment against the NAPCO defendants on the issue of liability, upon their failure to appear or answer, and in granting those branches of the NAPCO defendants' cross motion which were to vacate their defaults in appearing or answering and to extend their time to appear or answer (*see* CPLR 2004, 3012 [d]; *PDK Labs, Inc. v G.M.G. Trans W. Corp.*, 101 AD3d at 972).

The Supreme Court also properly granted that branch of the NAPCO defendants' cross motion and, in effect, that branch of the separate cross motion of the defendants City of New York,

New York City Department of Finance, New York City Department of Housing Preservation and Development, and New York Citywide Administrative Services (hereinafter collectively the municipal defendants) which were pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against NAPCO and Nakos, and the municipal defendants, respectively, based on the doctrine of res judicata. "Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (*Abraham v Hermitage Ins. Co.*, 47 AD3d 855, 855 [2008]; *see Bayer v City of New York*, 115 AD3d 897, 898 [2014]; *Cox v Hubbard*, 115 AD3d 783, 784 [2014]). "The fact that causes of action may be stated separately, invoke different legal theories, or seek different relief will not permit relitigation of claims" (*Pondview Corp. v Blatt*, 95 AD3d 980, 980 [2012] [internal quotation marks omitted]; *see O'Brien v City of Syracuse*, 54 NY2d 353, 357-358 [1981]; *Bayer v City of New York*, 115 AD3d at 898). Here, the plaintiff's claims against NAPCO, Nakos, and the municipal defendants arose out of the same series of transactions as those at issue in a prior action (*see Harris v Department of Hous. Preserv. & Dev.*, Sup Ct, Kings County, Rothenberg, J., index No. 14836/09), and were, or could have been, raised in that prior action, which was disposed of on the merits in an order of the Supreme Court dated November 23, 2009 (*see id.*; *Heritage Realty Advisors, LLC v Mohegan Hill Dev., LLC*, 58 AD3d 435, 436 [2009]; *Barleen, LLC v S & K Convenience, Inc.*, 53 AD3d 517, 517-518 [2008]; *Feigen v Advance Capital Mgt. Corp.*, 146 AD2d 556 [1989]; *see also* David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:67).

The Supreme Court also properly granted that branch of the NAPCO defendants' cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the defendant Brooklyn Housing and Family Services for failure to state a cause of action (*see generally Simmons v Allstate Indem. Co.*, 112 AD3d 611 [2013]; *Jones v Bank of Am. N.A.*, 97 AD3d 639, 641 [2012]).

Moreover, the Supreme Court providently exercised its discretion in granting the motion of the defendant Ezra Cohen pursuant to CPLR 3012 (b) to dismiss the action insofar as asserted against him for failure to timely serve the complaint upon him, and in denying the plaintiff's cross motion pursuant to CPLR 3012 (d) to extend the time to serve the complaint upon that de-

fendant. Where, as here, an action is commenced by the filing of a summons with notice, "[t]o avoid dismissal for failing to timely serve the complaint after a demand had been made pursuant to CPLR 3012 (b), and to be entitled to an extension of time to serve the complaint under CPLR 3012 (d), the plaintiff[ ] had to demonstrate both a reasonable excuse for the delay and a potentially meritorious cause of action" (*Country Serv., Inc. v Feiden & Assoc., P.C.*, 92 AD3d 914, 915 [2012]; *see Mitrani Plasterers Co., Inc. v SCG Contr. Corp.*, 97 AD3d 552, 552 [2012]). Here, the plaintiff failed to demonstrate a reasonable excuse for her delay in serving a complaint upon Cohen or a potentially meritorious cause of action against Cohen (*see Eglit v County of Westchester*, 46 AD3d 504, 505 [2007]; *J. Tortorella Swimming Pools, Inc. v Incredible Coatings Corp.*, 35 AD3d 376 [2006]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.