20-1596
*Howard Carr Companies, Inc. v. Cumberland Farms, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand twenty-one.

Present:
> ROBERT A. KATZMANN,
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> *Circuit Judges*.

_____

HOWARD CARR COMPANIES, INC., DBA
THE HOWARD GROUP,

    *Plaintiff-Appellant*,

      v.                                                      20-1596

CUMBERLAND FARMS, INC., FIRST
HARTFORD REALTY CORPORATION,

    *Defendants-Appellees*.

_____

For Plaintiff-Appellant:                    JEFFREY L. ZIMRING, Albany, NY

For Defendants-Appellees:              DANIEL S. L. RUBIN, Girvin & Ferlazzo, P.C.,
                                                             Albany, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In a previous suit, plaintiff-appellant Howard Carr Companies, Inc. sued defendants-appellees Cumberland Farms, Inc. and First Hartford Realty Corporation in state court for unpaid real estate commissions. The defendants removed the case to federal court. New York law bars suits for recovery of real estate commissions unless the plaintiff "alleg[es] and prov[es] that [it] was a duly licensed real estate broker or real estate salesman on the date when the alleged cause of action arose." N.Y. Real Prop. Law § 442-d. Howard Carr did not allege that it was a licensed real estate broker and refused to make a representation to that effect, instead arguing that § 442-d does not apply to suits seeking *quantum meruit* recovery. The federal district court, sitting in diversity, rejected this argument and dismissed the complaint without leave to amend. *See Howard Carr Cos. v. Cumberland Farms, Inc.*, 359 F. Supp. 3d 188 (N.D.N.Y. 2019). In denying leave to amend, the district court reasoned that Howard Carr "ha[d] not given any meaningful indication that it could correct the pleading defect." *Id.* at 195. We affirmed and characterized this statement of the district court as "a finding of likely futility." *Howard Carr Cos. v. Cumberland Farms, Inc.*, 783 F. App'x 80, 82 (2d Cir. 2019). Howard Carr then brought the same suit, in the same state court, against the same defendants, but this time alleged that it was a licensed broker. After the defendants removed the case again, the federal district court dismissed the second suit under the doctrine of claim preclusion. Howard Carr appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's application of the principles of claim preclusion. *See EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007). Because the federal court that issued the first judgment sat in diversity in New York, we apply the preclusion law of that state, unless "the state law is incompatible with federal interests." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 509 (2001).[1] In New York, "a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter." *In re Hunter*, 4 N.Y.3d 260, 269 (2005). "[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Id.*

We agree with the district court that New York law precludes Howard Carr from bringing its second suit. The key issue is whether the dismissal of the first suit was "on the merits." *Id.* Section 5013 of New York Civil Practice Law and Rules provides that "[a] judgment dismissing a cause of action before the close of the proponent's evidence is not a dismissal on the merits unless it specifies otherwise . . . ." However, the New York Court of Appeals has held that "CPLR 5013 does not require that the prior judgment contain the precise words 'on the merits' in order to be given [claim-preclusive] effect; it suffices that it appears from the judgment that the dismissal was on the merits." *Strange v. Montefiore Hosp. & Med. Ctr.*, 59 N.Y.2d 737, 739 (1983).

Howard Carr argues that a dismissal for "defects in the pleading" does not count as a dismissal on the merits in New York. *Hodge v. Hotel Employees & Rest. Employees Union Local 100 of AFL-CIO*, 269 A.D.2d 330, 331 (N.Y. App. Div. 1st Dep't 2000). That may be the default rule, but the New York Court of Appeals has explained that such a dismissal is considered on the merits if a court properly "intended . . . to bring the action to a final conclusion." *Yonkers*

---

[1] In quoting cases, we omit internal citations, quotation marks, footnotes, and alterations.

*Contracting Co. v. Port Auth. Trans-Hudson Corp.*, 93 N.Y.2d 375, 380 (1999). And while New York courts hold that dismissals for pleading deficiencies should be without prejudice to renew, *see, e.g.*, *Cadet-Duval v. Gursim Holding, Inc.*, 147 A.D.3d 718, 720 (N.Y. App. Div. 2d Dep't 2017), that rule does not necessarily apply when the dismissal "denie[s parties] leave to replead[] due to their failure to present good ground to support the causes of action," *Aard-Vark Agency, Ltd. v. Prager*, 8 A.D.3d 508, 509 (N.Y. App. Div. 2d Dep't 2004), or when the deficient pleading could have been amended with "ease," *Yonkers Contracting*, 93 N.Y.2d at 381 n.*.

In this case, by denying leave to amend on futility grounds, the district court in the first suit clearly "intended . . . to bring the action to a final conclusion." *Id.* at 380. This decision was justified under New York law because Howard Carr "ha[d] not given any meaningful indication that it could [properly] correct the pleading defect"—something it could have done by adding a sentence alleging that it was a licensed broker. *Howard Carr Cos.*, 359 F. Supp. 3d at 195.

While it is true that, unlike here, the dismissal of the first suit in *Yonkers Contracting* explicitly stated that it was "with prejudice," *id.* at 380, New York courts have held that the substance of the holding matters more than the utterance of specific words. *See, e.g.*, *Strange*, 59 N.Y.2d at 739; *see also Coleman v. Coleman*, 1 A.D.3d 833, 834 (N.Y. App. Div. 3d Dep't 2003) ("An order of dismissal is entitled to res judicata effect where the circumstances evince that it is on the merits or with prejudice to relitigation of the earlier claim."). The district court clearly intended that its decision be with prejudice to renew. And because Howard Carr's first suit was decided on the merits, "all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *In re Hunter*, 4 N.Y.3d at 269.

4

We have reviewed Howard Carr's remaining arguments and found in them no basis for reversal. For the forgoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk