| Jean-Pierre v City of New York |
|:---:|
| 2024 NY Slip Op 34000(U) |
| November 12, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153859/2023 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. HASA A. KINGO                     PART          05M

*Justice*

--------------------------------------------------------------------------------X

YAYON- FRANTZ JEAN-PIERRE,

Plaintiff,

- v -

CITY OF NEW YORK, JOHN DOE(S) 1-10

Defendant.

--------------------------------------------------------------------------------X

INDEX NO.          153859/2023

MOTION DATE        _____

MOTION SEQ. NO.    _____001_____

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 8, 9, 10, 11, 12, 13, 14, 15, 16

were read on this motion to    _____DISMISS_____.

    With the instant motion, Defendant City of New York (hereinafter "City") moves to dismiss the complaint of Plaintiff Yayon-Frantz Jean-Pierre (hereinafter "Plaintiff") pursuant to CPLR §§ 3012(b), 3211(a)(5), and (a)(7). The City argues for dismissal on the grounds of untimely filing, failure to state a cause of action, and the claim's proper venue being an Article 78 proceeding. Plaintiff opposes the motion and cross-moves to amend the complaint to incorporate additional facts. For the following reasons, the court denies the City's motion to dismiss in part, and grants Plaintiff's cross-motion to amend.

## BACKGROUND

    Plaintiff, an African American male, served as an NYPD officer from 2008 until his retirement in 2021. His complaint asserts discrimination and hostile work environment claims under both the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"). Plaintiff alleges he was assigned less desirable positions, received lower performance evaluations, and ultimately was denied a promotion to detective, which he attributes to racial discrimination.

    The central incident involves Plaintiff's line-of-duty injury on June 3, 2020, in which he was stabbed by a civilian, resulting in an extended medical leave. Upon his return, Plaintiff claims his white partner, who was also involved in the incident, received a promotion, while he did not. Plaintiff attributes this disparity to racial discrimination, which he claims caused him financial and career detriment.

    On April 27, 2023, Plaintiff filed a summons with notice against the City, and on June 13, 2023, served it. Upon the City's June 30, 2023, demand for a complaint, Plaintiff filed his complaint on April 24, 2024—well beyond the 20-day requirement under CPLR § 3012(b).

[* 1]

Plaintiff contends that this delay was consensual, referencing an email exchange with the Law Department consenting to an extension.

ARGUMENTS

The City moves to dismiss Plaintiff's complaint on four principal grounds. First, the City contends that Plaintiff did not timely serve his complaint following its demand, violating CPLR § 3012(b). According to the City, Plaintiff was required to serve his complaint within twenty days of the demand, yet failed to do so within the prescribed period, thus justifying dismissal. Second, the City argues that Plaintiff's promotion-related claims are improperly brought as a plenary action rather than under Article 78, asserting that challenges to administrative determinations, like promotions, must be pursued through that procedural mechanism. Under Article 78, claims must be filed within four months of the agency decision becoming final and binding, which the City argues Plaintiff missed. Third, the City posits that any claims related to events before September 12, 2019, are barred by the statute of limitations under both NYSHRL and NYCHRL, which provide a three-year limitation period. Lastly, the City argues that Plaintiff's allegations do not substantiate claims of race discrimination or a hostile work environment, contending that he fails to allege facts sufficient to infer discriminatory intent or treatment.

In opposition, Plaintiff resists dismissal and cross-moves to amend his complaint to clarify and elaborate on his allegations. Plaintiff contends that both the initial and amended complaints adequately state causes of action under NYSHRL and NYCHRL. Plaintiff also asserts that he had an understanding with the Law Department to extend the time for service, as reflected in an email exchange, which he argues should excuse his delay. Plaintiff further claims that his amended complaint provides specific instances of disparate treatment, which he attributes to racial discrimination, and seeks leave to amend to ensure that these allegations are sufficiently particularized.

DISCUSSION

### I. Timeliness of the Complaint (CPLR § 3012[b])

CPLR § 3012(b) mandates that a plaintiff must serve the complaint within 20 days of a defendant's demand for it. However, under CPLR § 3012(d), the court may extend the time for service upon a showing of "reasonable excuse" and a "meritorious cause of action." Here, Plaintiff relies on email communications suggesting that the Law Department consented to an extension.

In *Harris v. City of New York*, 121 AD3d 852 (2d Dept 2014), the court recognized that judicial discretion should favor resolving cases on their merits rather than enforcing procedural dismissals for technical defaults. Here, the City's argument that prior counsel's email did not constitute explicit consent is unpersuasive; the email demonstrates at least implied consent to an extension, creating reasonable grounds for excusing the delay. Given Plaintiff's meritorious claims and supporting evidence, the court finds ample reason to deny dismissal on procedural grounds.

### II. Necessity of an Article 78 Proceeding

153859/2023   JEAN-PIERRE, YAYON- FRANTZ vs. CITY OF NEW YORK ET AL          Page 2 of 4
Motion No.  001

2 of 4

[* 2]

The City contends that Plaintiff's claim regarding the denial of promotion is, at heart, a challenge to an administrative decision that belongs in an Article 78 proceeding. Article 78 provides a venue for reviewing final determinations by administrative bodies, typically within a four-month limitations period (CPLR § 217[1]).

However, as noted in *Matter of Ranco Sand & Stone Corp. v. Vecchio*, 27 NY3d 92, 98 (2016), discrimination claims, particularly those alleging systemic or ongoing patterns, are distinct from single administrative determinations. Plaintiff's claims, which allege racial bias affecting his promotion, extend beyond a discrete administrative action. They imply an ongoing discriminatory practice, making them inappropriate for an Article 78 proceeding and thus, the standard limitations period does not apply.

Furthermore, Plaintiff's claim is distinguishable from mere disagreement with an agency decision. Unlike cases where Article 78 applies due to an agency's finalized determination, Plaintiff here claims that his treatment involved differential, race-based decisions, not merely an adverse decision. Consequently, the Article 78 venue is inappropriate for Plaintiff's claims, which properly fall under anti-discrimination statutes like NYSHRL and NYCHRL.

### III. Statute of Limitations for Claims Under NYSHRL and NYCHRL

The City also argues that events occurring before September 12, 2019, are barred by the statute of limitations, as NYSHRL and NYCHRL claims typically allow a three-year period. With the toll applied due to COVID-19 Executive Orders, claims are viable only for events on or after September 12, 2019. Courts have consistently applied the COVID-19 toll, as in *Brash v. Richards*, 195 AD3d 582 (2d Dept 2021), which extended the timeline.

The court concurs that claims arising before this date are time-barred, but notes that Plaintiff's central claims—the denial of promotion and differential treatment following his injury in June 2020—remain timely. The City's motion to dismiss based on this argument is thus partially granted with respect to any claims based solely on events before September 12, 2019.

### IV. Sufficiency of Allegations Under NYSHRL and NYCHRL

Plaintiff's amended complaint alleges sufficient facts to support claims of discrimination and hostile work environment under NYSHRL and NYCHRL. To plead race discrimination under NYCHRL, a plaintiff must demonstrate that they were treated "less well" than others due to a protected characteristic. NYSHRL and NYCHRL standards require showing: (1) membership in a protected class, (2) qualification for the position, (3) disparate treatment, and (4) circumstances suggesting discriminatory motive (*Harrington v. City of New York*, 157 AD3d 582, 584 [1st Dept 2018]).

Plaintiff alleges that his white partner, who was similarly situated, received a promotion after the 2020 incident, while Plaintiff did not. This constitutes prima facie evidence of racial bias, and the court is obligated to consider these facts as true under *Williams v. New York City Hous. Auth.*, 61 AD3d 62 (1st Dept 2009). Plaintiff's assertion that non-Black officers received more favorable assignments and promotion opportunities further supports an inference of racial

[* 3]

discrimination, satisfying NYCHRL's "less well" standard. The decision in *Williams* underscores that racial discrimination claims under NYCHRL are to be interpreted broadly, favoring plaintiffs and requiring less stringent proof at the pleading stage than federal standards.

**Hostile Work Environment**

The court also finds that Plaintiff has adequately alleged a hostile work environment under NYCHRL, which only requires proof that the work environment was less favorable due to a protected characteristic. Plaintiff's allegations of repeated unfavorable assignments, lower evaluations tied to these assignments, and denial of promotion raise plausible claims of an environment that was hostile to him on the basis of race, satisfying the standards set forth in *Bilitch v. New York City Health & Hosp. Corp.*, 194 AD3d 999 (2d Dept 2021).

In sum, Plaintiff's amended complaint sufficiently alleges claims for discrimination and hostile work environment under NYSHRL and NYCHRL. The City's motion to dismiss is denied except with respect to events predating September 12, 2019. Plaintiff's cross-motion to amend the complaint is granted, with the amended complaint deemed sufficient to withstand dismissal. Defendant shall file an answer within 20 days of service of this order.

Accordingly, it is hereby

ORDERED Defendant's motion to dismiss is partially granted to the extent that any claims based solely on events before September 12, 2019 are dismissed; and it is further

ORDERED that Defendant's motion to dismiss is otherwise denied; and it is further

ORDERED that Plaintiff's cross-motion to amend the complaint is granted; and it is further

ORDERED that the amended complaint annexed as Exhibit A (NYSCEF Doc. 13) is deemed timely filed and served, *nunc pro tunc*, and sufficient to proceed; and it is further

ORDERED that Defendant shall answer the amended complaint within 20 days of this court's decision and order.

This constitutes the decision and order of the court.

20241112111436HKINGO047E2C506062D48C1A0D33410A872A50A

11/12/2024
DATE

HASA A. KINGO, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 4]